THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO VEGA, Also Known as ROLAND ACEVEDO, Appellant.—Judgment, Supreme Court, New York County, rendered on August 17, 1978, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur—Kupferman, J. P., Sandler, Sullivan, Silverman and Carro, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v HARRY W. NETTER, Defendant.—Motion for reargument granted and, upon reargument, this court adheres to its original determination. Concur—Kupferman, J. P., Fein, Sullivan, Silverman and Bloom, JJ.

## (February 19, 1980)

ANNA ABENSOHN et al., Respondents, v ST. CLAIRE'S HOSPITAL AND HEALTH CENTER, Appellant, et al., Defendants. PIONEER BLOOD SERVICE, INC., Third-Party Plaintiff, v WORLD BLOOD BANK, INC., et al., Third-Party Defendants.—Order of the Supreme Court, Bronx County, entered March 5, 1979, denying defendant's motion to amend its answer to include the defense of Statute of Limitations reversed on the law, the facts, and in the exercise of discretion, without costs, and the motion granted. Plaintiff Anna Abensohn sues to recover for injuries suffered while a patient at St. Claire's Hospital and Health Center by reason of the alleged negligent administration of blood on three separate occasions. Six separate items of negligence are set forth in the first cause of action, included among which is the failure to obtain her consent to these transfusions. Whatever may have been plaintiff's intent in asserting the absence of consent to the administration of blood, it is arguable that by her allegation she asserts an assault and battery upon her by the hospital *(Schloendorff v Society of N. Y. Hosp.,* 211 NY 125). Hence, the one-year statute may be applicable to so much of her first cause of action as sounds in assault and battery. Inasmuch as CPLR 3025 (subd [b]) provides that leave to amend pleadings shall be granted on such terms as may be just, and that leave shall be given freely, we deem it appropriate that leave be granted in this case. Clearly, it would have been better procedure for the hospital to have moved to compel plaintiff to state and number separately the causes included in her first cause of action. Thus, the defense now sought to be asserted could have been asserted to a separate cause. In light of the failure to do so, the defense may be asserted only to so much of the first cause of action as complains of the assault and battery. Concur—Murphy, P. J., Kupferman, Silverman, Bloom and Lynch, JJ.